UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JANET B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-cv-00236-RLY-CSW |
| | ) |
| FRANK BISIGNANO, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Janet B. suffers from degenerative disc disease, Tarlov cysts, and coronary artery disease. She applied for Social Security Benefits in April 2022. The Social Security Administration ("SSA") denied her claims initially and upon reconsideration. After a hearing, the Administrative Law Judge ("ALJ") held that Janet is not disabled. Janet then filed this suit for review of the ALJ's decision under 42 U.S.C. § 405(g).

The court referred the matter to the Magistrate Judge under 28 U.S.C. § 636(b). The Magistrate Judge recommended that the court affirm the ALJ's decision, and Janet

---

[1] To protect the privacy of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

filed an objection. For the reasons set forth below, the court **OVERRULES** the objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

I.  Background

    A.  ALJ Review

Janet filed an application for a period of disability and disability insurance benefits. She also filed an application for supplemental security income, alleging disability. Janet alleged disability beginning on April 14, 2022, in both applications. The SSA denied her claims initially and upon reconsideration. Janet then requested a hearing before an ALJ. The ALJ found that Janet was not disabled.

In concluding that Janet was not disabled, the ALJ followed the five-step sequential evaluation described in 20 C.F.R. § 416.920(a). At step one, the ALJ concluded that Janet had not engaged in substantial gainful activity since the alleged onset of her disability. (Dkt. 8-2 at ECF p. 25). At step two, the ALJ concluded that Janet had the severe impairments of degenerative disc disease, Tarlov cysts,[2] and coronary artery disease. (*Id.*). The ALJ also found that she had the medically determinable impairments of irritable bowel syndrome, migraine headaches, and Keratoconjunctivitis. (*Id.*).

After step three, but before step four, the ALJ assessed Janet's residual functional capacity (RFC) and her past relevant work. (*Id.* at ECF pp. 27–30). In making these findings, the ALJ considered record evidence, Janet's hearing testimony, and the opinion

---

[2] Tarlov cysts are fluid sacks that form in the spine and put pressure on the nerves, which cause pain.

of a medical expert. (*Id.*). Relevant here is the evidence regarding Janet's Tarlov cysts and coronary artery disease.

The record showed that Janet was experiencing pain throughout her body because of her Tarlov cysts. (*Id.* at ECF p. 27). She underwent two spine surgeries to remove the cysts—the first in May 2021, and the second in November 2021. (*Id.* at ECF p. 28). After the surgeries, Janet reported varying levels of pain. In September 2022, she reported that she was "not having the vertebral spine pain that she was having." (Dkt. 8-8 at ECF p. 320). In November 2022 she reported back pain. (*Id.* at ECF p. 33). She said it had not gone away after her surgeries and that she struggled to carry more than six pounds. (*Id.*). Then in May 2023, she reported that her "[s]pine pain [was] overall stable." (*Id.* at ECF p. 5).

The ALJ found her medical exams to largely show improvement, as exams from August, October, and November 2022 and March 2023 showed normal functioning. (Dkt. 8-2 at ECF p. 29; Dkt. 8-8 at ECF pp. 20, 38, 68, 73–74, 137). Although her exams showed improvement, Janet testified that she was still experiencing back pain. (Dkt. 8-2 at ECF p. 45). She had to get a special chair to sit in that does not put pressure on her back. (*Id.*). She also testified that she had to call her family ahead of an event to warn them not to touch her back. (*Id.* at ECF p. 51). The record also showed that she wore a vest that said not to touch her back to her consultative exam. (Dkt. 8-7 at ECF p. 553).

Regarding the heart condition, Janet testified that beginning in August 2022, she went to the emergency room five times for chest pain. (Dkt. 8-2 at ECF p. 46). She was diagnosed with acid reflux until May 2023, when she was diagnosed with coronary artery

3

disease. (*Id.* at ECF pp. 27, 46–47). She had stents placed in her heart in May 2023, and she had a bypass surgery in June 2023. (*Id.* at ECF p. 27). After the bypass surgery Janet began a cardio rehabilitation program, which she finished in September 2023. (Dkt. 12 at 6). At her hearing with the ALJ, Janet testified that she was doing well after finishing the rehab program. (Dkt. 8-2 at ECF p. 47).

The last piece of evidence relevant to Janet's objection is the medical source opinion from Dr. Joe Edward Banks, II, D.O. Janet attended an internal consultative examination with Dr. Banks at the request of the SSA. (Dkt. 12 at 15). Dr. Banks documented Janet's subjective symptoms. (Dkt. 8-7 at ECF p. 547). His exam largely reports that Janet had normal functioning. (*Id.* at ECF pp. 549–52). But he did note that she had decreased flexion, extension, lateral flexion, and rotation in her lower back. (*Id.* at ECF pp. 552–53). Dr. Banks concluded his report with his medical opinion, stating that Janet had "moderate limitations with sitting, standing and walking" and "severe limitations with lifting and carrying weight." (*Id.* at ECF p. 553). Lastly, he noted that Janet would be unable to bend, stoop, crouch, squat, reach, grasp, handle, finger, or feel. (*Id.* at ECF p. 554).

After considering the medical evidence, the ALJ determined Janet's RFC. He found that Janet could perform light work except she can "occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolding; occasionally balance, stoop, kneel, crouch, and crawl." (Dkt. 8-2 at ECF p. 27). The ALJ discredited Dr. Banks's opinion that proposed increased limitations because he found it to be inconsistent with the exam and the remaining evidence in the record. (Dkt. 8-2 at ECF p. 30).

Then at step four, the ALJ asked a vocational expert about Janet's ability to work given her age, education, work experience, and medical limitations. (*Id.* at ECF pp. 30–31). The vocational expert answered that Janet could perform her past work as office manager, salesperson, or bookkeeper, and the ALJ adopted that conclusion. (*Id.* at ECF p. 30). Because the ALJ found that Janet could perform her past relevant work, she was not disabled, and the ALJ did not need to proceed to step five. (*Id.* at ECF p. 25).

### B.   Magistrate Judge's Report and Recommendation

After receiving an unfavorable decision from the ALJ, Janet filed a Complaint for Review of the ALJ's decision. (Dkt. 1). The court referred the matter to the Magistrate Judge, who issued her Report and Recommendation. The Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence and therefore recommended that the court affirm the determination that Janet is not disabled. This matter now comes before the court on Janet's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. 20).

All other facts relevant to the disposition of this objection are addressed in the discussion section.

## II.   Legal Standard

The court reviews the Magistrate Judge's Report and Recommendation de novo. Fed. R. Civ. P. 72(b)(3). The court "may accept, reject, or modify the recommended disposition." *Id.*

The court reviews the ALJ's decision to ensure that it "applies the correct legal standard and is supported by substantial evidence." *Campbell v. Astrue*, 627 F.3d 299,

5

306 (7th Cir. 2010).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  Under the substantial evidence standard, the court reviews the ALJ's decision to determine if there is a logical and accurate bridge between the evidence and the conclusion.  *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).  In making this determination, the court must consider the entire administrative record but not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

### III.  Discussion

Janet raises myriad issues with the ALJ's RFC determination that can be separated into two categories.  First, the ALJ erred in his credibility determination.  Second, the ALJ erred when he discredited the examining physician's opinion.  The Commissioner argues that the ALJ did not err and that his decision was supported by substantial evidence.  The court will address Janet's arguments in turn.

#### A.  Credibility Determination

Janet raises three issues with the ALJ's credibility determination.  First, the ALJ failed to consider the "nature of [her] pain and dysfunction from her Tarlov cysts." (Dkt. 12 at 10).  Second, the ALJ failed to "properly evaluate [her] pain and dysfunction stemming from her heart implant." (*Id.* at 12).  And third, the ALJ erred by relying

exclusively on objective medical evidence when dismissing her subjective symptom allegations.

When evaluating a claimant's subjective statements about the intensity and persistence of her symptoms, the ALJ must often, as here, make a credibility determination concerning the limiting effects of her symptoms. *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016). Reviewing courts "may disturb the ALJ's credibility finding only if it is 'patently wrong.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015)). However, in assessing the claimant's credibility, an ALJ is required to "build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872 (citing *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000); *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998)).

First, the ALJ did not fail to evaluate the pain from Janet's Tarlov cysts in making his credibility determination. Janet contends that the ALJ did not account for the fact that her pain was severe enough to need two surgeries despite the pain not revealing itself on exam. The court disagrees. True, the ALJ noted that she had normal exam findings before her surgeries, but he did not base his decision solely on that point. (*See* Dkt. 8-2 at ECF p. 28). The ALJ also cited evidence from the record where Janet said that her pain had improved in September 2022 and May 2023, after her two surgeries. (*Id.*).

Janet argues that the "ALJ should have looked at [her] reports to her treatment providers that showed [her] pain and dysfunction did not resolve with her surgeries," and cites two reports of pain from November 2022 and March 2023. (Dkt. 12 at 11). The ALJ addressed both documents that Janet says the ALJ should have focused on. (Dkt. 8-

7

2 at ECF p. 28). But after citing the documents, the ALJ pointed out that Janet reported in May 2023, that her spine pain was stable. (*Id.*). Thus, the ALJ appropriately addressed inconsistencies that he saw in the record when making his credibility determination and did not ignore the evidence as Janet contends.

It appears that Janet is merely asking the court to reweigh the evidence, which it will not do. *Clifford*, 227 F.3d at 869. The ALJ's analysis of Janet's spine pain was not patently wrong.

Second, the ALJ did not fail to properly evaluate Janet's pain and dysfunction from her heart implant. Janet argues that the ALJ only said, "[f]rom a cardiac standpoint, there was nothing notable until May 2023," despite records showing claims of chest pain beginning in November 2020. (Dkt. 12 at 12). But earlier in his decision, the ALJ noted that Janet testified about her visits to the Emergency Room for chest pain. (Dkt. 8-2 at ECF p. 27). True, the ALJ did not discuss how Janet's chest pains were misdiagnosed as acid reflux before she had surgery, but it is unclear how the ALJ discussing that evidence would have changed his RFC determination because it does not indicate a need for work limitations. *See Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) ("Establishing the existence of an impairment is not enough. The claimant must present evidence of limitations affecting their capacity to work."). Again, it appears that Janet is asking the court to reweigh the evidence, but the court may only overturn an ALJ's credibility determination if it is patently wrong. *See Burmester*, 920 F.3d at 510. And the ALJ's decision to discount her allegations of limitation, persistence, and pace was not patently wrong. As the ALJ pointed out at the hearing, Janet testified that she was doing well after

8

having bypass surgery on June 28, 2023, and finishing her cardiac rehab. (Dkt. 8-2 at ECF p. 29). The ALJ did not err by failing to give more weight than he saw fit to her allegations of pain given the evidence in the record.

Third, the ALJ did not rely solely on the objective medical evidence to discount Janet's allegations. As noted above, the ALJ cited Janet's reports of improved symptoms, (*Id.* at ECF p. 28) and her hearing testimony, (*id.* at ECF pp. 28–29). Thus, he cited more than "imaging and examinations" when he found that her allegations were not consistent with the objective medical evidence. (Dkt. 12 at 12). Janet faults the ALJ for not discussing her trouble sleeping, the special chair she needs to sit in for her back, or her need to wear a vest that says not to touch her, but the ALJ need not discuss every piece of evidence in forming the RFC. *See Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021). The court acknowledges that the ALJ's decision would have been more robust had he walked through those facts in determining the RFC, but failing to do so does not amount to reversible error here.

Although the ALJ could have said more when discussing why Janet's allegations were inconsistent with the record, his analysis said enough for the court to engage in a meaningful review, *see Thorlton*, 127 F.4th at 1083, and the court cannot say that his decision was patently wrong.

### B. Medical Opinion Analysis

Janet argues that the ALJ inadequately examined Dr. Banks's medical source opinion. She raises two issues with the ALJ's assessment. First, the ALJ improperly rejected the opinion because it was based solely on her subjective complaints. Second,

the ALJ erred by saying that Dr. Banks's opinion was inconsistent with reports that her pain was improving because her pain was not fully resolved by her surgeries. The court addresses the arguments in order.

The court does not "review medical opinions independently but rather review[s] the ALJ's weighing of those opinions for substantial evidence." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). And the court will only overturn the ALJ's weighing "if no reasonable mind could accept the ALJ's conclusion." *Id.*

Janet's first argument is without merit. She is right to note that an ALJ is not permitted to dismiss a medical opinion because it is based only on a claimant's subjective symptoms. But that is not what occurred here. Dr. Banks said Janet had moderate limitations sitting, standing, and walking and that she had severe limitations with lifting and carrying. (Dkt. 8-7 at ECF p. 553). He also said that she would be unable to stoop, crouch, squat, reach, grasp, handle, finger, or feel. (*Id.* at ECF pp. 553–54). He made all these conclusions based on Janet's allegation of pain. (*Id.*).

When the ALJ considered this opinion, he stated it was "not persuasive[,] as the sole rational for assigning these limitations was the claimant's subjective reports of pain." (Dkt. 8-2 at ECF p. 30). If that was all the ALJ had said, then perhaps Janet's argument would have some weight, but that was not the end of his analysis. Indeed, the ALJ immediately followed that statement by saying Dr. Banks's opinion was not persuasive because the claimant's reports of pain were inconsistent with the medical exam that Dr. Banks had just performed. (*Id.*). For example, the exam notes said that Janet "was able to squat and rise from that position with ease" and "[f]ine and gross manipulative abilities

10

were grossly normal." (Dkt. 8-7 at ECF p. 551). The ALJ also noted that the opinion was inconsistent with her overall treatment history and her reports of improving back pain. (*Id.*).

This is not a case where the ALJ impermissibly discounted a medical opinion because it was based solely on a claimant's subjective symptoms. Rather, the ALJ soundly pointed out that Dr. Banks's opinion was inconsistent with the exam he conducted and the remaining evidence in the record. Thus, the court finds that the ALJ's reasoning is supported by substantial evidence.

Janet's second argument is equally without merit. She claims that the ALJ was wrong to say that Dr. Banks's opinion was inconsistent with her reports of improved back pain. She again points the court to her reports of continued pain in November 2022 and March 2023. But as the ALJ noted in his subjective symptom analysis, Janet reported improved pain in May 2023 and testified that she was doing well at the hearing before the ALJ. (*Id.* at ECF pp. 28–29). The fact that Janet also reported continued pain does not automatically mean the ALJ's decision is not supported by substantial evidence. Again, the court cannot reweigh the evidence or the weight given to medical opinions. *See Clifford*, 227 F.3d at 869; *Grotts*, 27 F.4th at 1278.

The court finds that the ALJ's weighing of Dr. Banks's medical opinion was supported by substantial evidence.

11

## IV.     Conclusion

The court **OVERRULES** Janet's objection, (Dkt. 20), and **ADOPTS** the Report and Recommendation issued by the Magistrate Judge. (Dkt. 19).

**IT IS SO ORDERED** this 31st day of December 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.